# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE CABRERA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DERRALL G. ADAMS,<br><br>　　　　Respondent. | 1:06-cv-00302-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION AS UNTIMELY (Doc. 15)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

On January 18, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one year limitation period prescribed by 28 U.S.C. § 2244(d)(1). (Doc. 15). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

1

F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural ground to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.  <u>See</u> <u>id.</u>

In this case, Respondent's motion to dismiss is based on an alleged violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review the motion pursuant to its authority under Rule 4.

B. <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320.  The instant petition was filed on December 27, 2005, and thus is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, Petitioner challenges the Governor's decision reversing the parole board's decision granting parole. The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision, including parole board decisions. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under 28 U.S.C. § 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083. Thus, the statute of limitations begins to run the day following a petitioner's notification of the parole board's decision. Id. Where the date petitioner received notice of the parole board's hearing is not part of the record, Shelby rejected the notion that remand for an evidentiary hearing was required to determine the date on which a petitioner found out about the hearing, apparently establishing instead a presumption that an inmate will in fact receive notice on the day the denial is issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts that presumption:

> "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day."

Shelby, 391 F.3d at 1066.

In cases such as this, "where a petitioner's claim challenges an administrative decision, such petitioner learns of the factual basis of that claim at the time the decision becomes final." Molina v. Curry, 2008 WL 2383163 *3 (N.D. Cal. June 9, 2008)(citing Shelby, 391 F. 3d at 1066, and Redd, 343 F. 3d at 1079). The parole board's decision on January 9, 2003 found Petitioner suitable for parole; however, in a decision dated June 6, 2003, then-Governor Davis reversed the decision of the parole board. (Doc. 15, Exh. A). The Governor's June 6, 2003 decision is the administrative

3

decision challenged by Petitioner. (Doc. 15, Exh. A). The Governor's decision became final when it was issued because there are no avenues for further administrative review of the decision. Molina, 2008 WL 2383163 at *3 (citing Cal. Const., art. V, § 8(b)).

The record in this case reflects that a letter informing Petitioner of the Governor's decision was sent to Petitioner on June 6, 2003, the same date that it became final. (Doc. 15, Exh. A).[1] There is no evidence that Petitioner did not receive timely notice of the Governor's decision. Accordingly, Petitioner learned of the factual predicate of his claims on June 6, 2003, and the one-year limitation period would have commenced the following day, on June 7, 2003, and would have expired one year later, on June 7, 2004. As mentioned, this petition was not filed until December 27, 2005. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitation period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005. However, the

---

[1] This document is also identified as Court Doc. 15-2, pages 75-79.

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006 n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

limitation period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006). However, if the California Supreme Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling for the period between denial and commencement of next series of petitions if the subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition and the second petition is not denied as untimely. King v. Roe, 340 F.3d 821 (9th Cir. 2003).

The limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.

Here, as mentioned, the one-year period would have commenced on June 7, 2003[1] and continued to run until August 15, 2003, the date when Petitioner filed his first state habeas petition in the Superior Court of California, County of Los Angeles. (Doc. 1, pp. 3-4, Doc. 15-2, Exh. A). Thus, assuming, without deciding that the first state petition was properly filed for purposes of the AEDPA, 69 days had expired before tolling commenced on August 15, 2003. Petitioner then engaged in a "round" of state habeas proceedings to challenge the Governor's decision, culminating when the California Supreme Court denied his petition on January 17, 2005. (Doc. 1, Exh. A). The one-year period would have re-commenced on January 18, 2005 and continued until Petitioner filed the instant petition on December 21, 2005, a period of 337 days.[2] Combining the untolled periods of 69 days and 337 days results in a combined untolled total of 406 days, i.e., after January 17, 2005, Petitioner had only 296 days remaining on his limitation period. Thus, without further tolling, the one-year period would, and in fact did, expire on November 10, 2005. Thus, statutory tolling will not make the petition timely, and unless Petitioner is entitled to equitable tolling, the petition must be dismissed.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control make it impossible for the petition to be filed on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006); Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F. 3d 530 (9th Cir. 1998). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be

---

[1] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

[2] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271. The rule is used to assess the timeliness of federal habeas filings under the AEDPA limitations period, however, the Ninth Circuit has yet to address whether the rule applies to the tolling provision of § 2244(d)(2). Here, Petitioner signed his petition on December 21, 2005 although the document was not filed by this Court until December 27, 2005. Thus, giving Petitioner the benefit of the doubt as to the earliest possible filing date, the Court will use the December 21, 2005 date for calculating the limitations period.

appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner has made no claim of entitlement to equitable tolling. Petitioner has not responded to Respondent's motion to dismiss. Moreover, the record now before the Court reflects no facts that would support a finding of equitable tolling.

Accordingly, the petition is untimely and Respondent's motion to dismiss should be granted.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 15), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 22, 2008**                                        **/s/ Theresa A. Goldner**
                                                                    UNITED STATES MAGISTRATE JUDGE